**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Robin Huntley, | : | Case No. 3:09 CV 1179 |
| Plaintiff, | : | |
| v. | : | |
| Ohio Association of Public School Employees AFSCME Local 4/AFL-CIO (OAPSE), et al., | : | **MEMORANDUM DECISION AND ORDER** |
| | : | |
| Defendants. | | |

The parties have consented to have the undersigned Magistrate Judge enter judgment in this cause filed pursuant to the LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT (LMRDA) OF 1959. Pending are Motions for Judgment on the Pleadings filed by Defendant Economic Opportunity Planning Association of Greater Toledo's (EOPA) and Defendant OAPSE, Plaintiff's Oppositions and EOPA's Reply (Docket Nos. 25, 26, 29 & 30). For the reasons that follow, Defendant EOPA's Motion for Judgment on the Pleadings is granted, Defendant OAPSE's Motion for Judgment on the Pleadings is granted and Plaintiff's request for leave to amend the Complaint is denied.

### I. THE PARTIES.

Plaintiff, an African American female, is a resident of Toledo, Ohio. She was an employee of EOPA and a member of OAPSE. Plaintiff claims that she was wrongfully discharged in May 2008

from her employment with EOPA.

OAPSE is Ohio's largest union representing employees of public and private schools and Head Start Agencies. Generally under the terms of a collective bargaining agreement with OAPSE, members are entitled to, *inter alia*, health benefits, pension benefits and legal representation.

EOPA, a Community Action Agency for Lucas County, is devoted to creating programs that empower, mentor and support the broad objective of self-sufficiency for low to moderate income people. One of the educational services provided by EOPA is Head Start, a developmental tool for preschool children from low income families. EOPA is funded, in part, under the FEDERAL HEAD START ACT. [Www.obndemo5.com.](Www.obndemo5.com.)

## II. JURISDICTION.

Under 29 U. S. C. § 412, any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located. 29 U.S. C. § 412 (Thomson Reuters 2011).

This statute confers on district courts original jurisdiction over controversies involving the guarantees set forth in 29 U. S. C. § 411 and the safeguards established by the collective bargaining agreement. Venue is proper in Toledo, Ohio, the situs of the alleged violations.

## III. PLAINTIFF'S POSITIONS.

Plaintiff has pursued her rights to sue and for breach of the collective bargaining agreement through the grievance procedure. However, when she attempted to pursue Article 13, Step 4 of the

collective bargaining unit, Plaintiff alleges that she was denied the opportunity to submit to arbitration because the union withheld its consent. The inability to proceed to arbitration violates her right to sue under 29 U. S. C. § 411(a)(4) and the terms of the collective bargaining agreement. Plaintiff asserts that her only remedy lies in this Court's power to compel Defendants to submit to arbitration under OHIO REV. CODE § 2711.03.

If the Court declines her request to compel arbitration, alternately, Plaintiff seeks leave to file an amended complaint against her employer, Defendant EOPA, which includes violations of the LABOR MANAGEMENT REPORTING ACT.

## IV. DEFENDANT OAPSE'S POSITION

In its Motion for Judgment on the Pleadings, Defendant OAPSE presents three reasons for dismissing the claims against the union. First, Plaintiff has failed to articulate a specific violation of 29 U. S. C. § 411. Second, the language of the collective bargaining agreement is discretionary; therefore, Defendant OASPE is under no duty to arbitrate this matter. Third, Plaintiff's claim of a breach of duty of fair representation is untimely filed. Alternately, it was within the union's purview to proceed to arbitration. Upon investigation, the union determined that the grievance did not have enough merit to proceed to arbitration. Defendant OAPSE seeks an order granting the Motion for Judgment on the Pleadings and dismissing Plaintiff's Complaint.

## V. DEFENDANT EOPA'S POSITION

In its Motion for Judgment on the Pleadings, Defendant EOPA contends first, that Plaintiff's claim of a right to sue under 29 U. S. C. § 411 is not applicable. Section 411 regulates the relationship between the union and its members, not the relationship between an employer and employee. Second, Defendant EOPA emphasizes that Plaintiff cannot unilaterally compel arbitration without the union.

Third, Plaintiff's reliance on OHIO REV. CODE 2711.13(a) is misplaced as the statute grants jurisdiction to any court of common pleas, not a federal court. Defendant EOPA seeks an order granting the Motion for Judgment on the Pleadings and dismissing the Complaint.

### VI. STANDARD OF MOTION FOR JUDGMENT ON THE PLEADINGS.

Under FED. R. CIV. P. 12(c), after the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings. The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Township of Comstock* 592 F.3d 718, 722 (6th Cir. 2010) (*citing Ziegler v. IBP Hog Market, Incorporated,* 249 F.3d 509, 511-12 (6th Cir. 2001); *citing Mixon v. Ohio,* 193 F.3d 389, 399-400 (6th Cir. 1999)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. (*citing JPMorgan Chase Bank*, *N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted)).

The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Id.* (*citing Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009)). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Id.*(*citing Hensley Manufacturing v. ProPride, Incorporated,* 579 F.3d 603, 609 (6th Cir. 2009) (*quoting Bell Atlantic Corporation v. Twombly,* 127 S. Ct. 1955, 1964 (2007); *see also Delay v. Rosenthal Collins Group, LLC.,* 585 F.3d 1003, 1005-06 (6th Cir. 2009)).

4

### VII. ANALYSIS OF CLAIMS AGAINST DEFENDANT OAPSE.

In her Complaint, Plaintiff requests that an order issue to Defendant OAPSE to comply with the collective bargaining agreement and conduct arbitration as authorized under the LMRDA, the collective bargaining agreement and OHIO REV. CODE § 2711.03. Plaintiff asserts a corollary claim that the failure to consent to arbitration constitutes a breach of fair representation by the union.

**1.      LMRDA**

The LMRDA, codified at 29 U. S. C. § § 411-415, was the product of congressional concern about widespread abuses of power by union leadership. *Babler v. Futhey* 618 F.3d 514, 520 (6th Cir. 2010) (*citing Sheet Metal Workers International Association v. Lynn,* 109 S. Ct. 639, 643 (1989) (internal quotation marks omitted)). The amendments to the provisions of the LMRDA were promulgated to enlarge the protection for union members that parallel certain rights guaranteed by the United States Constitution, ensuring that the unions were democratically governed and responsive to the will of their memberships. *Id.* (*citing Finnegan v. Leu,* 102 S. Ct. 1867, 1870 (1982); *Lynn, supra*, 109 S. Ct. at 643 (*quoting Finnegan,* 102 S. Ct. at 1870)). When originally introduced the legislation focused on disclosure requirements and the regulation of union trusteeships and elections. *Finnegan*, 102 S. Ct. at 1870. Various amendments have been adopted, all aimed at the enlarged protection of the members of unions paralleling certain rights guaranteed under the United States Constitution. *Id.*

The "Bill of Rights" for union members, specifically, Section 411(a)(4) mandates:

> No labor organization shall limit the right of any member to institute an action **in any court, or in a proceeding before any administrative agency**, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative

5

> proceedings against such organizations or any officer thereof: *And provided further,* That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition.

Courts are a form of tribunal or organ of the government with the authority to adjudicate legal disputes between parties and carry out the administration of justice in civil, criminal and administrative matters. En.wikipedia.or/wiki/Court. Administrative agencies are creatures of statutory authority. *Friends of Crystal River v. United States Environmental Protection Agency,* 35 F. 3d 1073, 1080 (6th Cir. 1994). Thus, they have the power to act . . . unless and until Congress confers power upon them. *Id.* (*citing Louisiana Public Services Commission v. Federal Communications Commission*, 106 S. Ct. 1890, 1901 ((1986)).

The Magistrate acknowledges that it is facially illegal for a collective bargaining agreement to hinder access to the courts or an administrative agency. However, Defendant OAPSE did not interfere with Plaintiff's private right to file a claim seeking judicial enforcement of the grievance requirements in this Court. Clearly, Plaintiff was able to perfect her claims in federal court. Further, Plaintiff has not demonstrated that she pursued a right with an administrative agency or that the union interfered with her pursuit of that right. Under LMRDA, the protection for limiting the rights of the employee does not extend to submitting cases that arise under the collective bargaining agreement to arbitration. For these reasons, Plaintiff's allegations that the collective bargaining agreement infringed upon her right to sue are unsupported and no violation of 29 U. S. C. § 411(a)(4) has been established.

**2.** **THE COLLECTIVE BARGAINING AGREEMENT.**

Plaintiff is adamant that Defendant OAPSE breached the collective bargaining agreement.

No obligation to arbitrate arises solely by operation of law. The obligation to arbitrate a dispute arises from a collective bargaining agreement. The collective bargaining agreement between "EOPA

6

of Greater Toledo, a.k.a. EOPA/Toledo-Lucas County Head Start and OAPSE/AFSCME Local 4, AFL-CIO and its Local 800", governed the management of any disputes between the employee, and the union and the employer during the period of June 1, 2005, through May 31, 2008 (Docket No. 29, Exhibit 1). The agreement outlines the procedural mandates for resolution of a grievance. The grievance procedure begins with the aggrieved person having a discussion with his or her immediate supervisor. If unresolved, the aggrieved person can present a formal grievance in writing to the Head Start director. If not satisfied with the director's decision, the aggrieved person could present his or her appeal to the Executive Director. If the written response of the Executive Director fails to satisfy the aggrieved person, **the union and the aggrieved person** could within thirty days after the Executive Director's response, submit the grievance to arbitration by giving written notice to the Executive Director (Docket No. 29, Exhibit 1, p. 3 of 5).

Under the plain language of the collective bargaining agreement, Plaintiff could not compel the union to consent to arbitration. Brenda Wilson-Wright, union steward at the time Plaintiff was discharged, testified that she submitted the denial of Plaintiff's grievance by the Executive Director to Andre Washington, OAPSE field representative. She never received a response that the union was willing to proceed to arbitration within the thirty-day limitations period (Docket No. 29, Exhibit 3, pp. 4-6 of 13). Without the consent of the union, Plaintiff's case was not eligible for submission to arbitration.

### 3. BREACH OF FAIR REPRESENTATION.

Plaintiff alleges that the failure to consent to arbitration was a breach of the duty to fair representation. Defendant asserts that this claim is time barred.

The duty of fair representation requires the union to serve the interests of all members without

7

hostility or discrimination toward any. *Merritt v. International Association and Machinists and Aerospace Workers*, 613 F. 3d 609, 619 (6th Cir. 2010) (*citing Vaca v. Sipes*, 87 S. Ct. 903, 909 (1967)). This duty applies to all contexts of union activity including grievance processing. *Id.* (*citing William v. Molpus*, 171 F. 3d 360, 364-365 (6th Cir. 1999) (*citing Air Line Pilots Association International v. O'Neill,* 111 S. Ct. 1127 (1991)). A breach of the duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith. *Id.* (*citing Vaca,* 87 S. Ct. at 916).

The statute of limitations for filing a breach of fair representation suit is six months. *Schoonover v. Consolidated Freightways Corporation of Delaware,* 49 F.3d 219, 222 (6th Cir. 1995) (*citing DelCostello v. International Brotherhood of Teamsters*, 103 S. Ct. 2281 (1983)). In cases where the breach of fair representation stems from the union's failure to bring the arbitration claim, the statute of limitations starts from the point when the grievant knew or should have known that the union had elected to proceed no further. *Id.* (*citing McCreedy v. Local Union No. 971, UAW,* 809 F.2d 1232, 1236 (6th Cir. 1987) ("employee's hybrid cause of action may arise when the Union takes an unequivocal position that it will not seek arbitration"); *See also Sosbe v. Delco Electronics Division of General Motors Corporation.,* 830 F.2d 83, 87 (7th Cir. 1987); *Demchik v. General Motors Corp.,* 821 F.2d 102, 105-06 (2nd Cir. 1987); *Harper v. San Diego Transit Corporation,* 764 F.2d 663, 669 (9th Cir. 1985); *Taylor v. Ford Motor Company,* 761 F.2d 931, 934 (3rd Cir.1985), *cert. denied,* 106 S. Ct. 849 (1986)).

Plaintiff was provided a copy of the collective bargaining agreement (Docket No. 29, Exhibit 4, pp. 13 of 23, 14 of 23-21 of 23). Plaintiff was discharged on May 23, 2007 (Docket No. 29, Exhibit 3, p. 13 of 13). On May 30, 2007, she tendered a grievance to her immediate supervisor (Docket No. 29, Exhibit 4, p. 13 of 23). Ultimately Defendant EOPA's Executive Director concurred with the

decision to terminate Plaintiff on June 26, 2007, thus completing the four steps of the grievance procedure (Docket No. 29, Exhibit 4, p. 22 of 23). At step five, Defendant OAPSE had thirty days after the Executive Director's response to give their consent to submit to arbitration. The statute of limitations began to accrue on the thirty first day after the union failed to pursue the arbitration process on Plaintiff's behalf. Clearly more than six months elapsed before Plaintiff filed a case in federal court on May 21, 2009 (Docket No. 1). The filing of a claim for breach of fair representation is time barred.

4.   **OHIO REV. CODE § 2711.03.**

Plaintiff seeks an order under Section 2711.03 requiring Defendant to arbitrate her wrongful termination.

> Section 2711.03 provides:
>
> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any **court of common pleas** having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

Section 2711.03 contemplates the enforcement of an agreement for arbitration under Ohio's arbitration laws and in Ohio's courts of common pleas. This Court cannot exercise concurrent jurisdiction with the state court or compel compliance with the arbitration agreement under Section 2711.03.

5.   **CONCLUSION.**

Plaintiff has failed to plead factual matters sufficient to render the asserted legal claims plausible. Defendant OSFME's Motion for Judgment on the Pleadings is therefore granted.

### VIII. ANALYSIS OF CLAIMS AGAINST EOPA

In her Complaint, Plaintiff requests that an order issue to Defendant EOPA to comply with the collective bargaining agreement and conduct arbitration as authorized by the LMRDA, the collective bargaining agreement and OHIO REV. CODE § 2711.03. Alternately, Plaintiff requests that the Court grant her leave to amend the Complaint.

**1.      LMRDA.**

In Count One, Plaintiff alleges that Defendant EOPA failed to conduct arbitration consistent with the terms of the LMRDA.

Defendant EOPA's duty to participate in arbitration was triggered if and only if Plaintiff and Defendant OSFME agreed to submit the issues to arbitration (Docket No. 29, Exhibit 4, pp. 22 of 23). Since the agreement was not forthcoming, Defendant EOPA did not fail to conduct arbitration. Plaintiff has failed to assert a legally cognizable claim against Defendant EOPA for which remedies provided under the LMRA can be enforced.

**2.      THE COLLECTIVE BARGAINING AGREEMENT.**

Plaintiff contends that Defendant EOPA refused to conduct arbitration consistent with the terms of the collective bargaining agreement.

The Magistrate finds that such argument lacks merit. As a prerequisite, Defendant OAPSE and Plaintiff had to agree to arbitrate. Since they did not, a cause of action will not lie against Defendant EOPA for failure to conduct arbitration pursuant to the collective bargaining agreement. Plaintiff has failed to assert a legally cognizable claim against Defendant EOPA for breach of the collective bargaining agreement.

### 3. OHIO REV. CODE § 2711.03.

Plaintiff seeks an order under Section 2711.03 requiring Defendant EOPA to arbitrate.

The Magistrate has already determined that Section 2711.03 contemplates the enforcement of an agreement for arbitration under Ohio's arbitration laws and in Ohio's courts of common pleas. Section 2711.033 does not confer concurrent jurisdiction in federal district court to grant Plaintiff the relief she seeks.

### 4. REQUEST FOR LEAVE TO AMEND THE COMPLAINT.

Plaintiff requests leave of this Court to amend the Complaint against EOPA. The new claims lie at the core of an alleged entitlement to employment and a breach of the underlying collective bargaining agreement. Plaintiff wishes to assert her claims under the LABOR MANAGEMENT RELATIONS ACT (LMRA), CODIFIED AT 29 U. S. C. § 185.

The LABOR MANAGEMENT RELATIONS ACT provides remedies for suits arising from violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce. 29 U. S. C. § 185(a) (Thomson Reuters 2011). In the Sixth Circuit, the appropriate limitations period to be applied to claims that the former employer breached obligations under the collective bargaining agreement is six months. *Martin v. Lake County Sewer Company*, 269 F. 3d 673, 677 (6th Cir. 2001). The Court has also concluded that the cause of action accrues when the employee is aware of the purported breach. *Id.*

Plaintiff's cause of action for wrongful discharge commenced accruing on May 30, 2007, the day she perfected her grievance. She stated clearly in the grievance that Defendant EOPA had wrongfully terminated her and violated the terms of the collective bargaining agreement (Docket No. 29, Exhibit 4, p. 13, of 23). The time to file a claim under the LMRA expired on or about November

30, 2007. Plaintiff has not provided a reason to suspend the counting of time that expired during the eighteen months that preceded the filing of her Complaint in this Court. Plaintiff request for leave to amend the Complaint is denied as any claims asserted under the LMRA would be time barred.

**5.    CONCLUSION.**

Since Plaintiff has failed to plead factual matters sufficient to render the asserted legal claims plausible, Defendant EOPA's Motion for Judgment on the Pleadings is granted. Plaintiff's request for leave to amend her Complaint is denied.

### IX. CONCLUSION.

For the reasons stated in the Memorandum, the Magistrate grants the Motions for Judgment on the Pleadings (Docket Nos. 25 and 26), denies Plaintiff's request for leave to amend the Complaint and dismisses the case.

**IT IS SO ORDERED**.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:   January 31, 2011